Argued April 26, affirmed May 23, 1977

TURNER, *Appellant,*
*v.*
GENERAL TELEPHONE COMPANY et al,
*Respondents.*
(No. A-76-05-06516, CA 7299)
564 P2d 745

Gary A. Basaccio, Portland, argued the cause and filed the brief for appellant.

Noreen K. Saltveit, Portland, argued the cause for respondents. With her on the brief was Merten & Saltveit, Portland.

[ 577 ]

Before Schwab, Chief Judge, and Richardson and Johnson, Judges.

PER CURIAM.

## PER CURIAM.

■ The principal issue in this worker's compensation case is: did the claimant suffer a compensable injury? The referee, Board and circuit court held that he did not. The Board's order accurately reflects the record, and we adopt it:

"Claimant was a cable splicer for the employer, he alleged that after he had parked his bucket rig and started to ascend the bucket ladder, he bent over to pick up a bag of tools and felt chest pains. He immediately descended, secured his rig and drove back to the yard where he notified his supervisor.

"Claimant was seen in the office of Drs. MacGregor and Wallace. At that time claimant did not remember any back pains; his chest was X-rayed and he was also examined for heart problems, the findings were negative and claimant was allowed to leave the following day for a week's vacation trip to California. Upon his return he worked until a second week's vacation during October 1974 at which time he went deer hunting.

"While claimant was driving to California his back bothered him while he was driving and he had to shift positions; his wife did most of the driving. Upon his return claimant noticed no problem with his back until the second vacation in October 1974. He continued to work until May 1975. His job consisted of sitting anywhere from 4 to 8 hours, splicing, twisting cable, digging, etc. The evidence indicates claimant has not missed much time from work. At the present time he is on a leave of absence and intends to return to work for the employer after he recovers from a fusion which was performed by Dr. Hopkins during August 1975.

"On or about May 14, 1975 Dr. MacGregor signed a[n] * * * Insurance Company form for an off-the-job injury which apparently was filled out by claimant.

"The Referee found that Dr. Hopkins arrived at his conclusion that the industrial accident involved a back injury solely from claimant's history as related to him by the claimant. He found that the medical exhibits did not relate claimant's back problems to the August 1, 1974 incident. The Referee concluded that this incident was not of a nature which would cause the resulting back problems and, therefore, that the denial of responsibility

for the L4-S1 fusion performed by Dr. Hopkins in August 1975 was proper.

"The Board, on de novo review, affirms the order of the Referee. The evidence indicates that claimant was able to drive to California following the alleged incident, that he never referred to spontaneous back pains at the time he had the chest pains and after a second vacation in October 1974, continued to work until May 1975 at a job which required substantial back movements. Claimant may have a chronic lumbosacral problem but there is no evidence that the incident of August 1, 1974 either caused or aggravated such problem."

■ Claimant also contended that he should have been permitted to introduce an additional medical report from his doctor clarifying a previous medical report. We agree with and adopt the conclusions and order of the trial court:

"And it appearing to the Court * * * that Dr. Hopkins' opinion and testimony, which claimant seeks to supplement, would have been available had he been called at the time of the original hearing; and further, that the Court invited claimant's attorney to make an offer of proof of the proposed supplemental evidence from Dr. Hopkins, but an offer of proof of such could not be made because the proposed supplemental report was not yet prepared and therefore could not be produced, nor was Dr. Hopkins personally produced for such offer of proof. Now, therefore * * *

"IT IS * * * ORDERED that claimant's Motion for an Order allowing claimant to augment the record by introducing additional medical evidence from Dr. Richard Hopkins supplementing his report of November 20, 1975 be * * * denied."

Affirmed.